**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DOUGLAS POLK,** | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )     Case No. 14-CV-403-JHP-PJC |
| | ) |
| **ROBERT PATTON, Director,** | ) |
| | ) |
|        Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing pro se, did not file a response to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons stated below, the motion to dismiss shall be granted and the petition shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2010-1646. See Dkt. #10-1. The docket sheet for that case reflects that on May 7, 2010, Petitioner entered blind pleas of guilty to Child Sexual Abuse (Counts 1, 5, 6, and 7), First Degree Rape by Instrumentation, Victim Under Fourteen Years of Age (Count 2), Kidnaping (Count 3), Lewd Molestation (Count 4), Domestic Assault and Battery in the Presence of a Minor Child (Count 9), Violation of a Protective Order (Count 10), Interference with Emergency Telephone Call (Count 11), and Obstructing an Officer (Count 12). See id. at 6. Petitioner pled no contest to a second count of Domestic Assault and Battery in the Presence of a Minor Child (Count 8). Id. In addition, Petitioner admitted he had one prior felony conviction. See Dkt. # 10-2 at 1-2. On June 30, 2010,

the trial judge found Petitioner guilty and sentenced him to life imprisonment on Counts 1, 2, 4, 5, 6, and 7; forty (40) years imprisonment on Count 3; and one year imprisonment in the county jail on Counts 8 through 12, with Counts 1 through 7 to run consecutively, and Counts 8-12 to run concurrently with each other and consecutive to Count 7. See Dkt. # 10-1 at 7. On July 9, 2010, Petitioner filed a timely motion to withdraw his pleas. Id. at 23. On July 29, 2010, the trial judge held a hearing and, at the conclusion of the hearing, denied the motion to withdraw pleas. Id. During plea proceedings, Petitioner was represented by attorney J. Brian Rayl.

Represented by attorney Richard Couch, Petitioner perfected a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed August 16, 2011, in Case No. C-2010-765 (Dkt. # 10-2), the OCCA granted in part and denied in part the petition for writ of certiorari. The OCCA reversed and remanded to the district court with instructions to dismiss the Judgment and Sentence on Count 4, and affirmed the Judgment and Sentence with respect to Counts 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, and 12. Id.

More than two (2) years later, on February 6, 2014, Petitioner filed an application for post-conviction relief. See Dkt. # 10-1 at 27. The state district court denied the application by order filed February 21, 2014. Id. Petitioner appealed to the OCCA. By Order filed June 6, 2014, in Case No. PC-2014-211 (Dkt. # 10-3), the OCCA affirmed the denial of Petitioner's request for post-conviction relief.

Petitioner filed his federal petition for writ of habeas corpus on July 15, 2014. (Dkt. # 1). In his petition, Petitioner raises one (1) ground of error, as follows:

> Ground 1: The trial court lacked subject matter jurisdiction to accept Petitioner's guilty plea due to the fact that the D.A. lacked authority to sign the complaint and information in this case, which in turn deprived Petitioner of due process of law. Amend. 14.

2

Id. Petitioner's claim is based on his assertion that, because Tim Harris, Tulsa County District Attorney when Petitioner entered his guilty pleas, was appointed to a "second" public office as an Assistant U.S. Attorney for the Northern District of Oklahoma, he was disqualified to serve as Tulsa County District Attorney. See id. at 5-6. Respondent argues that consideration of Petitioner's claim is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). (Dkt. # 10).

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) leads to the conclusion that the petition was filed after expiration of the one-year limitations period. Petitioner's conviction became final on November 14, 2011, after the OCCA denied certiorari on August 16, 2011, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on November 15, 2011, and, absent a tolling event, a federal petition for writ of habeas corpus filed after November 15, 2012, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Petitioner commenced this action on July 15, 2014, or approximately twenty (20) months beyond the deadline. Absent either statutory or equitable tolling, the petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner did not file his application for post-conviction relief until February 6, 2014 – more than a year after the November 15, 2012 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, Petitioner's post-conviction proceeding did not serve to toll the limitations period. Therefore, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

Respondent also addresses Petitioner's claim that, under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period did not begin to run until Petitioner claims to have learned the factual predicate of his claim. See Dkt. # 10 at 3 (citing Dkt. # 1 at 7). In his petition, Petitioner alleges that he "never knew of these facts surrounding [District Attorney Tim] Harris' appointment as (2) public office holder, until just recently in January 2014." (Dkt. # 1 at 7). However, under § 2244(d)(1)(D), the statute of limitations begins to run when an inmate could have discovered, using due diligence, the factual predicate of his claim from public sources. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008); see also Slutzker v. Johnson, 393 F.3d 373, 382 n.9 (3rd Cir. 2004) ("[T]he statute of limitations starts running from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, not the date on which the factual predicate actually was discovered." (citations and internal quotation marks omitted)); Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003) (holding that one-year period was triggered under § 2244(d)(1)(D) on the date the inmate could have discovered the factual predicate "through public sources"); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) (stating that, under § 2244(d)(1)(D), "the time commences when the factual predicate could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner" (internal quotation marks omitted)); Pacheco v. Artuz, 193 F. Supp. 2d 756, 760 (S.D.N.Y. 2002) (stating that, under § 2244(d)(1)(D), the time starts from the date the petitioner is "on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim").

In the brief in support of the motion to dismiss, Respondent provides part of a Tulsa World news article, published May 19, 2012, reporting on a motion to dismiss filed in a high profile

criminal case in Tulsa County District Court, State of Oklahoma v. Johnson. See Dkt. # 10-4. The motion to dismiss filed in Johnson was premised on the identical argument now presented by Petitioner in this habeas action: that because Tulsa County District Attorney Tim Harris was also a duly appointed Assistant United States Attorney for the Northern District of Oklahoma, he was disqualified to serve as district attorney in prosecuting criminal cases in Tulsa County District Court. Based on publication of the newspaper article, Petitioner could have learned of the factual predicate of his claim from a public source through the exercise of due diligence as early as May 19, 2012, or more than eighteen (18) months earlier than he claims to have actually learned of the factual predicate. In addition, as part of his habeas petition, Petitioner states that:

> It is *well-known* that Tim Harris, in addition to being the District Attorney for Tulsa County, is also a duly appointed Assistant U.S. Attorney for the U.S. Attorney's Office for the Northern District of OK, a position he has served in for an unknown period of time. (See attached CIVIL DOCKET FOR CASE #:4:07-mc-00005-CVE, page (5), entry number (52) dated 06-16-09, just (10) months before the Information in this instance case was filed on April 20, 2010 in Tulsa County).

(Dkt. # 1 at 5 (emphasis added)). That statement serves as an acknowledgment by Petitioner that he could have learned of the factual predicate of his claim through the exercise of due diligence at the time charges were filed against him in Tulsa County District Court, Case No. CF-2010-1646. Therefore, this habeas petition is clearly untimely under 28 U.S.C. § 2244(d)(1)(D).

The petition, filed July 15, 2014, is time-barred under both § 2244(d)(1)(A) and § 2244(d)(1)(D) unless Petitioner is entitled to equitable tolling. To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this

demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Petitioner does not assert entitlement to equitable tolling. The record does not suggest that Petitioner pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Lastly, Petitioner does not claim to be actually innocent of the crimes for which he was convicted. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013); Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) ("Where . . . a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay."); Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). In this case, Petitioner pled guilty to the charges filed in Case No. CF-2010-1646, and never presented a claim of actual innocence to the state courts. Therefore, Petitioner cannot overcome the limitations bar through a claim of actual innocence.

The petition for writ of habeas corpus is clearly time barred. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893, and n.4 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this matter.

**DATED** this 12th day of June, 2015.

James H. Payne
United States District Judge
Northern District of Oklahoma